UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ALEXANDER BROWN,

Plaintiff,

v.

Civil Action No. 1:13-CV-12475
Honorable Thomas L. Ludington
United States District Judge

PATRICIA CARUSO, et. al.,

Defendants,
______________________________/

**OPINION AND ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court on Michael Alexander Brown's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Brown is a prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan. The Court has reviewed Brown's complaint and will dismiss it without prejudice.

**I**

Brown has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915 provides in part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted;

28 U.S.C. § 1915(e)(2)(B).

A *pro se* civil rights complaint is to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth

"a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

**II**

In his sixty-five page, one-hundred and seventy-three paragraph *pro se* complaint, Brown identifies seventy-two defendants whom he claims—in twelve distinct counts—have conspired in various ways to take retaliatory actions against him. Brown alleges the retaliation results from numerous grievances and complaints he has made regarding prison conditions and his medical treatment. Brown also filed two supplemental complaints without leave of the Court. The first seeks to add an additional seven defendants, who Brown claims have also engaged in various retaliatory acts. His second supplemental complaint rounds the number of named defendants to an even eighty.

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 (7th Cir. 2006). Such complaints are dismissable for not being simple, concise and direct. Fed. R. Civ. P. 8(e). Complaints should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365; see also *Cody v. Loen*, 468 F. App'x 644,

645 (8th Cir. 2012) (lengthy complaint properly dismissed under Rule 8 where claims were either unrelated or overlapping, and most were based on incidents which occurred over several years); *Kuehl v. FDIC*, 8 F.3d 905, 908–909 (1st Cir. 1993) (district court did not abuse its discretion in dismissing forty-three page complaint based on its length alone). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366–67; 2A Moore's *Federal Practice* ¶ 8.13, at 8–81 to 8–82 n.38.

Brown's complaint violates Rule 8 because it is incomprehensible in breadth, scope, and clarity. His pleadings meander back and forth across overlapping yet distinct subsets of named defendants. The allegations concern a variety of topics, including drug testing, prison visits, prison conditions, the handling of grievances, falsification of documents, the quality of prisoner health care, the availability of library materials, Brown's dietary requirements, his work assignments, provision of prescription medication, and the denial of access to the courts.

Moreover, Federal Rule of Civil Procedure 10(B) purposefully limits each paragraph of a complaint to a single set of circumstances. Brown's complaint contains many paragraphs which do not comport with this rule. Many individual paragraphs refer to multiple sets of defendants and contain multiple factual allegations that may or may not apply to each defendant named in the paragraph. The net effect is that it is nearly impossible, if not impossible, to discern what Brown alleges each individual defendant did.

Brown's complaint suffers from an additional defect as well. His claims do not all arise out of the same transaction or occurrence. Under Federal Rule of Civil Procedure 20(a) a plaintiff may join claims together in a single action only when they assert a right to relief "arising out of the same

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." In order to ascertain if a particular factual situation constitutes a transaction or occurrence for purposes of Rule 20, courts consider whether a "logical relationship" exists amongst and between the claims. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Allegedly similar procedural errors do not convert independent prison disciplinary hearings into the same "series" of transactions or occurrences in Rule 20(a) terms. *See, e.g., Papagiannis v. Pontikis,* 108 F.R.D. 177, 179 (N.D. Ill. 1985) (identity of scheme to defraud used in separate transactions not enough to permit joinder of plaintiffs); *Ross v. Meagan*, 638 F.2d 646, 650 n.5 (3d Cir. 1981) (per curiam) ("[a] coincidental similarity in the underlying facts will not permit [plaintiffs] to proceed jointly")). Rule 20(a) seeks to promote judicial economy, a goal that is not served where, as here, the incidents underlying the claims are wholly separate, so as to require entirely different proof.

For these reasons, the Court will dismiss Brown's complaint and supplemental complaints without prejudice to his ability to file an amended complaint that complies with Rules 8, 10, and 20.

**III**

Brown must also be cognizant of the fact that some of his claims have no legal basis.

For example, the complaint alleges that one defendant is the liability insurance carrier for the Michigan Department of Corrections employees identified as individual defendants. However, other than alleging that he is a third-party beneficiary of the insurance policy, Brown does not allege that this defendant took any actions that violated his constitutional rights. It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (holding that, in order to state a claim, a plaintiff must make

sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x. 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Next, many of Brown's claims seem to allege that defendant supervisors should be held liable for their subordinate's actions. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The conduct of one's subordinates is not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In short, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Accordingly, even if properly pled, it appears that many of Brown's claims would be subject to summary dismissal if they appear in an amended complaint.

**IV**

Accordingly, it is **ORDERED** that Brown's complaint, ECF No. 1, and his two supplemental complaints, ECF Nos. 6 and 8, are **DISMISSED** without prejudice to Brown's ability to file an amended complaint in conformity with Rules 8, 10, and 20.

It is further **ORDERED** that Brown is **DIRECTED** to file a motion to amend his complaint, with a proposed complaint attached, on or before **November 22, 2013**. If Brown fails to do so, the claims that have been dismissed without prejudice will be dismissed with prejudice.

Dated: September 26, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Michael Brown #150714 Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail on September 26, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS